ALICE M. BATCHELDER, Circuit Judge,
concurring.
I agree with the lead opinion that we must reverse the district court’s grant of summary judgment and remand the case for further proceedings; however, I disagree with its reasoning in reaching this result. Specifically, I object to the opinion’s finding that the evidence provided in Dr. Allen’s affidavit satisfied Tennessee’s locality rule for medical experts. See Tenn.Code Ann. § 29-26-115(a)(1).
Tennessee’s locality rule requires a medical expert witness to show either that (1) she practices in the same community as the defendant or (2) she practices in a community similar to that in which the defendant practices. Id. Dr. Allen’s affidavit is insufficient to show that he is familiar with the standard of care in Nashville, Tennessee, where Dr. Miller practiced. While he states that he has lectured in Nashville and has read articles written by Nashville physicians, he does not provide any detail of these educational endeavors or indicate how these experiences demonstrate his knowledge of the standard of care in Nashville. Moreover, Dr. Allen’s statements do not establish that Louisville, Kentucky — the community in which he practices — is similar to Nashville, Tennessee. While he states that both cities have multiple hospitals, respected medical schools, and equal access to medical infor *524 mation and equipment, he fails to support these generalized statements with statistics, and such bald assertions are insufficient to satisfy the locality rule. See, e.g., Bravo v. Sumner Reg’l Health Sys., Inc., 148 S.W.3d 357, 368-69 (Tenn.Ct.App.2003) (finding that the locality rule was satisfied where the medical expert produced statistical evidence establishing the similarity between two cities). As interpreted by Tennessee courts, the locality rule sets a more exacting evidentiary standard than was satisfied by Dr. Allen’s affidavit in this case. See Roberts v. Bicknell, 73 S.W.3d 106, 113 (Tenn.Ct.App.2001) (noting that an expert must do more than recite the language of the statute to show familiarity with a similar community). Consequently, I cannot agree with my colleagues that the locality rule was satisfied in this case.
While I would not find that Dr. Allen’s affidavit standing alone was sufficient to satisfy the locality rule, I would certainly conclude that it contained enough evidence to create a genuine issue of material fact on the issues of whether he was familiar with the standard of care in Nashville and whether Louisville was a community similar to Nashville. See, e.g., Wilson v. Patterson, 73 S.W.3d 95, 105 (Tenn.Ct.App. 2001) (finding that “meager” evidence which demonstrated the similarity between two cities was “sufficient to withstand attack at the summary judgment stage of the proceeding”). The affidavit was thus sufficient to survive a motion for summary judgment, and the district court erred in granting the defendants’ motion. The generalized statements in Dr. Allen’s affidavit could have been further developed during his deposition or trial testimony, and the parties should have been afforded this opportunity.
I also disagree with the lead opinion’s implicit conclusion that Local Rule 12 of the United States District Court for the Middle District of Tennessee permits the district court to preclude the taking of depositions of medical experts. Under that rule, the judge “may require that the direct testimony of an expert witness, other than a medical expert, be reduced to writing” and “read ... to the trier of facts.” M.D. Tenn. Loe. R. 12(c)(6)(C). The express language of this rule exempts medical experts from its requirements. I therefore would hold that the district court erred in applying Local Rule 12(c)(6)(C) to prohibit the defendants’ deposition of Dr. Allen.
Despite disagreeing with the analysis of the lead opinion, I concur in the opinion’s conclusion that the district court’s grant of summary judgment should be reversed and the case remanded for further proceedings.